ENRIQUE MARTÍNEZ, JR., Petitioner, *v.* DISTRICT COURT OF PUERTO RICO, SAN JUAN SECTION, HON. J. M. CALDERÓN, JUDGE, Respondent; CHESTER G. MERCURY, Intervener.

No. 1831. Argued May 1, 1950.—Decided February 15, 1951.

*Juan B. Soto* and *Juan F. Soto* for petitioner. *Víctor A. Coll* for intervener.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Arturo Rodríguez Pou obtained judgment against Enrique Martínez, Jr., for $1,500 for damages and $250 for attorney's fees which judgment became final on June 8, 1939. *Rodríguez* v. *Martínez, Jr.*, 55 P.R.R. 56. Since said judgment was not paid, Rodríguez Pou brought an action for its

recovery against Martínez on June 2, 1947; and in the course of said litigation sold his credit for the sum of $700 to Chester G. Mercury who substituted him in the suit as plaintiff and who also obtained judgment. *Rodríguez v. Martínez*, 68 P.R.R. 417. After having tendered payment of $700 to Mercury plus costs and interest and the latter having refused to accept it, Martínez consigned the sum of $1,000 in the lower court in order that said credit might be extinguished in accordance with the provisions of § 1425 of the Civil Code, 1930 ed. After his writ of consignation was answered, Martínez moved for judgment on the pleadings since no genuine issue of fact was raised and he was entitled to it as a question of law. Notwithstanding the fact that the lower court was of the opinion that the credit assigned by Rodríguez Pou to Mercury was not of a litigious nature,[1] it dismissed his motion whereupon the petitioner has filed this petition for certiorari.

May it be said that a credit which is obtained by a final judgment in a suit for damages and which later becomes the object of a new suit for its recovery is litigious and, consequently, that the judgment debtor—defendant in the new suit—may exercise his right of legal redemption established by § 1425 of the Civil Code? That is the fundamental question involved in this appeal. We shall now turn to consider it.

The right to redeem litigious credits is established by the above-mentioned Section of the Civil Code as follows:

"When a litigated credit is sold, the debtor shall have the right to extinguish the same by reimbursing the assignee for the price the latter paid for it, the judicial costs incurred by

---

[1] The lower court also believed that assuming that the credit involved were litigious the right to redeem had been exercised by Martínez after the lapse of the 9-day-term fixed by said § 1425 of the Civil Code. Even though this question was raised in the petition for certiorari as one of the assignments of error it is unnecessary to consider it in view of the conclusion we have reached in the opinion as to the nature of the credit involved.

him, and the interest on the price from the day on which the same was paid.

"A credit shall be considered as litigated from the day the suit relating to the same has been answered.

"The debtor may make use of his right within nine days, counted from the day the assignee should demand payment of him."

Contrary to other rights of redemption the one provided for in the aforesaid provision is essentially of a caduciary nature and in order that it may be exercised there should exist or be pending a suit or litigation on the credit at the time the sale takes place and the other circumstances established by the Code should be present. But a credit ceases to be *litigious* when a final judgment has been rendered on the same, *Cucullu* v. *Hernández*, 103 U. S. 105, 116, 26 L. Ed. 322, 326, even though a new litigation is made necessary for its recovery. A credit may be considered litigious "whenever, assuming that it is being litigated, there is required a final judgment to ascertain its existence," 95 *Jurisprudencia Civil*, 297; 10 Manresa, *Comentarios al Código Civil Español* 434 *et seq.;* 23 Scaevola, *Código Civil* 962 *et seq.;* 8 Colin y Capitant; *Derecho Civil* 363, that is, it is one which is in doubt and one in which the rights are uncertain. For a credit to be considered litigious it is essential that the litigation pending at the time of sale or assignment of credit concern the existence of the credit itself and not merely the consequences of its existence once final judgment is rendered. Consequently, a credit that has been adjudicated by final judgment lacks said condition, as in the case at bar.

In view of the foregoing and since there is no genuine issue between the parties on the facts alleged in the writ of consignation filed in the lower court by debtor Martínez, judgment is rendered as a question of law on the pleadings, not in favor of Martínez, the moving party, but in favor of Mercury, assignee of the credit, *Irizarry* v. *Tax Court, Bus-*

*caglia, Int.*, 71 P.R.R. 178, 186, and the deposit made by the former for the purpose of the litigious right of redemption provided by § 1425 of the Civil Code is dismissed. Consequently, the order of the lower court dismissing the motion for judgment on the pleadings will be set aside and the judgment that should have been rendered by the lower court dismissing the motion on deposit will be rendered. *Fernández* v. *District Court*, 71 P.R.R. 149.